# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MEYERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00379 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*David Meyers, Pro Se Plaintiff.*

The plaintiff, David Meyers, a Virginia inmate proceeding pro se, has filed a pleading titled as a claim for relief under Rule 8 of the Federal Rules of Civil Procedure, which the court construed and docketed as a civil rights action under 42 U.S.C. § 1983. After review of the record, I conclude that this action must be summarily dismissed as duplicative of claims Meyers has asserted in an earlier action in this court, Case No. 7:18CV00029, or for failure to exhaust administrative remedies. I will also dismiss Meyers' motion seeking interlocutory injunctive relief as moot.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies at the prison. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Failure to follow the required procedures of the prison's

administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Operating Procedure ("OP") 866.1 is the multi-step, administrative remedies procedure that inmates in the Virginia Department of Corrections ("VDOC") must follow to comply with § 1997e(a).[1] An inmate must first attempt to resolve his issues by completing an informal complaint form to which staff must respond within fifteen days. If unsatisfied with the response, the inmate can file a regular grievance on the matter to the warden's office (Level I) within thirty days after the event of which he complains. If dissatisfied at Level I, the inmate can appeal for a Level II response, and in some instances, a Level III response, depending on the issue.

Meyers' Complaint is dated July 28, 2018, the same day or within three weeks of the only events about which he complains that are not duplicative of claims in his prior case. Thus, it is clear from his allegations that he did not even attempt to exhaust available administrative remedies before filing this court action.

---

[1] I take judicial notice of VDOC operating procedures, which are available on the internet.

His allegations reflect no viable excuse for failing to do so. Therefore, he has not complied with 42 U.S.C. § 1997e(a), and accordingly, I will dismiss the Complaint without prejudice and close the case.[2]

A separate Final Order will be entered herewith.

DATED: August 13, 2018

/s/ James P. Jones
United States District Judge

---

[2] I also note that Meyers' § 1983 Complaint does not comport with the Federal Rules of Civil Procedure, as it purports to join multiple, unrelated claims against dozens of defendants. *See* Fed. R. Civ. P. 8, 10, 18, and 20.