# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MEYERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00379 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*David Meyers, Pro Se Plaintiff.*

Portions of this civil rights action under 42 U.S.C. § 1983, filed pro se by state inmate David Meyers, were remanded by the court of appeals for further proceedings. After review of the record, I conclude that the remaining portions of the case must be summarily dismissed.

In August of 2018, I dismissed the case without prejudice because I found that many claims were duplicative of issues Meyers was litigating in another pending case and that as to recent events, he had not yet had time to exhaust available administrative remedies as required under 42 U.S.C. § 1997e(a) before filing his lawsuit. Meyers appealed. The court of appeals consolidated for appeal three of Meyers's cases. Ultimately, the Court rejected Meyers' appeal issues in all three cases with the exception of one set of issues in this case, namely, claims concerning

alleged events that occurred on July 19 and 20, 2018. Meyers signed and dated his § 1983 Complaint on July 28, 2018. The court of appeals noted:

> There is nothing in the record concerning the inner workings of the Virginia Department of Corrections' grievance procedure or in Meyers' complaint that shows with certainty that Meyers could not have exhausted administrative remedies in eight days. Because it is not apparent on the face of the complaint that Meyers did not exhaust administrative remedies, we must vacate that portion of the district court's order and remand for further proceedings.

*Meyers v. Clarke*, 767 F. App'x 437, 440 (4th Cir. 2019) (unpublished). The case is now reinstated to the docket in this court and is ready for review of the claims concerning events on July 19 and 20, 2018. *See* 28 U.S.C. §§ 1915(e)(2) (requiring court to dismiss complaint upon finding that it is frivolous or malicious, or that it fails to state a claim upon which relief can be granted.

At that time Meyers signed his Complaint on July 28, 2018, he was confined in the protective custody unit ("PCU") at Red Onion State Prison ("Red Onion"), a prison facility operated by the Virginia Department of Corrections ("VDOC"). The caption of the Complaint names the following VDOC officials as defendants: Director Harold Clarke, Deputy Director A. Robinson, Chief of DOC-SIU Paul Haymes, Walter Swiney, Henry Ponton, Regional Administrator Marcus Elam, A. Galihar, Investigator J. Fannin, Investigator J.D. Bentley, J. King, J. Kiser, J. Artrip, and Keith Dawkins.

According to Meyers,[1] on the evening of July 19, 2018, Sergeants Deel and Sotherby, Officers Stanley and Rose, and a third officer "that looked like Officer Duncan" ("Officer D") removed Meyers from his cell. Compl. 9, ECF No. 1. They told him that he "had to get up out [of his] wheelchair and walk and climb up on the anal scan machine." *Id.* Meyers told them that because of many past injuries, he was unable to stand and walk. Officer D stated, "Yeah I sexual [sic] assaulted you, and when I take you to D3-Lock up, I'm going to strap you down and make you suck my dick." *Id.* In D3, the officers placed Meyers in a cell. Lieutenant Messer began yelling at him, getting spit in Meyers' face and mouth.

The officers then took Meyers to D1 Pod. Rose refused his request to make a phone call to the sexual abuse hotline about Officer D's threat. Messer and the other officers pushed Meyers in his wheelchair to within two feet of the anal scan machine and ordered him to get up and walk to it. Sotherby and a blonde officer "barely assisted holding [Meyers] up from falling" and his knees "struck the cement shattering [his] knee caps." *Id.* at 10. As the officers dragged Meyers to the machine, his boxers "slid down [his] thighs exposing [his] naked buttocks and anus to the dangerous sex offenders standing in the pod and in their cell door windows." *Id.* Meyers felt officers' fingers pressing the sides of his buttocks. The officers

---

[1] The summary of events that follows is taken from Meyers's Complaint, stated in the light most favorable to him, and is not intended to be a finding of facts.

"scraped [his] legs badly on the metal" of the machine's bottom step, and they "thrusted [him] into the seat rim fracturing [his] right ribs and injuring [his] shoulders." *Id.* After the scan, Messer refused Meyers' request to be taken to the medical unit.

On July 20, 2018, M. Counts conducted a hearing on a disciplinary charge placed against Meyers.[2] Counts told Counselor B. Stallard not to report to the medical unit that Meyers's "ribs were fractured" and not to allow [him] to report to the hotline about Officer D's threat of sexual assault. *Id.* at 10-11. One of these officers "taunted [Meyers] about all the witnesses that she obstructed from giving statements." *Id.* at 11. As relief in this action, Meyers seeks compensatory and punitive damages.

After review of the complaint, I conclude that Meyers has failed to state any actionable claim against the defendants he has named. Defendants Clarke and Ponton are mentioned only in the caption of the Complaint, which does not allege any action either of them undertook in violation of Meyers' rights. "Where a complaint alleges no specific act or conduct on the part of the defendant and the

---

[2] The Complaint in this case does not mention July 20, 2018. In one of the two other cases considered in the consolidated appeal, however, Meyers' Complaint describes the disciplinary hearing incident as having occurred on July 20, 2018. *Meyers v. Clarke*, No. 7:18CV00371, ECF No. 1. Because the Complaint in that case was signed on July 20, 2018, the court of appeals affirmed its dismissal under 42 U.S.C. § 1997e(a) as unexhausted. *Meyers v. Clarke,* 767 F. App'x at 440.

complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

Meyers' Complaint mentions the other named defendants in the text of his Complaint, primarily in connection with other past incidents it describes that are not before me now. Meyers alleges that several defendants "were enforcing the sexual abuses, attempted murders on me." Compl. 6, ECF No. 1. He asserts that Swiney, Galihar, Kiser and Artrip "had the officers placed in the D1 Pod, to make sexual harassment toward" Meyers and that they and unnamed others "have been enforcing the sexual abuses attempted murders, death threats, racketeering [his] funds from [his] account thru PREA revenge and retaliation disciplinary hearings." *Id.* at 7. Meyers does not state facts showing that any of the named defendants personally ordered or participated in the events of July 19 and 20, 2018, however.

Under 42 U.S.C. § 1983, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Id.* Meyers fails to plead specific actions by the named defendants related to the alleged violations that remain before me. Therefore, I will summarily dismiss this case without prejudice under § 1915(e)(2)(b) for failure to state a claim upon which relief could be granted.

Because Meyers is proceeding pro se, I could allow him to amend his Complaint to name as defendants the individuals mentioned in his description of events on July 19 and 20, 2018. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978) (finding court should allow inmate plaintiff to amend his potentially meritorious claim to identify proper defendant). I find no justification for allowing Meyers to amend, however, because I cannot find that he could proceed with this case even if I did so.

Meyers has requested to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(b). This section requires all prisoner litigants filing federal civil actions to pay filing fees in full, either through prepayment or through installments to be withheld from his inmate trust account. Section 1915(g) denies the installment payment method of IFP to prisoners who have "three strikes" — those prisoners who have had three or more previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

The court of appeals held in this case, "It is undisputed that Meyers has had, on at least three occasions, an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim." *Meyers v. Clarke*, 767 F. App'x at 438. He also has not prepaid the $400 in filing costs for this civil action. Accordingly, as a three-striker inmate, Meyers cannot proceed with the case unless he has shown "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This imminent danger "'exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (*quoting Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Courts have also held that the "imminent danger" exception to § 1915(g)'s three strikes rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *See, e.g., Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

> Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

*Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050).

Meyers's factual allegations are not sufficient to demonstrate that at the time he filed his Complaint, he faced any imminent danger of serious physical harm

related to the allegations remanded for further proceedings. Meyers claims that he was verbally threatened with sexual assault, that he was humiliated and injured by the manner that the officers assisted him onto the scan machine, that Messer, Counts, and Stallard refused his requests for immediate medical attention, that officers refused his request to report by telephone the threat of sexual assault, and that Counts denied him witnesses at his hearing. Meyers' allegations do not describe multiple instances of his being physically injured during past anal scan procedures or otherwise suggest any likelihood that the officers would repeat their actions so as to place Meyers in imminent risk of serious physical harm. Certainly, mere verbal threats, embarrassing wardrobe malfunctions, due process violations, and the inability to make hotline reports do not signal any imminent danger of serious physical harm.

Meyers blames some of the officers involved in the July 19 and 20, 2018, incidents for not getting him emergency medical attention. He does not state facts, however, showing that his alleged injuries appeared serious or painful to these non-medical officials so as to put them on notice that immediate care was warranted. An inmate alleging a constitutional claim regarding medical care must establish that his medical condition was objectively serious — that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535

F.3d 225, 241 (4th Cir. 2008) (citation omitted). He must also show that the defendant knew of and disregarded an excessive risk to the inmate's health or safety. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Meyers fails to make either of these showings. Moreover, Meyers' allegations indicate that he had other means to seek prompt medical care after the scan and the hearing — by asking a nurse passing out medications or requesting to see a nurse, which he did on July 24, 2018, well before he filed this action. Thus, I cannot find that Meyers was in imminent danger related to the scan machine incident or the disciplinary hearing based on a lack of access to medical attention.

Meyers' assertions that multiple administrators and supervisory officials have somehow enforced or caused these or similar events are merely speculative and conclusory. Thus, these allegations are insufficient to support a finding of imminent danger of serious physical harm under § 1915(g). Furthermore, court records indicate that by September 25, 2018, Meyers had been approved for transfer to a different VDOC facility, away from the officials who were involved in the incidents on July 19 and 20, 2018, at Red Onion. He is currently confined at another VDOC facility.

Because of Meyers' three strikesc status under § 1915(g) and his failure to show that he is in imminent danger of physical harm related to his remaining claims, I find no justification for allowing him to amend the complaint to name appropriate

defendants to those claims. Rather, I will summarily dismiss the action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b), based on his failure to state a claim upon which relief could be granted against any of the defendants he has named in the caption of the Complaint. Dismissal without prejudice leaves Meyers free to refile his claims in a new and separate civil action, provided that he prepays the $400 filing costs.

    A separate Final Order will be entered herewith.

    DATED: October 18, 2019

    /s/ James P. Jones
    United States District Judge